IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                          CRIMINAL 07-84 (GAG)

RICARDO PACHECO-SOTO
Defendant.

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
RE:  RULE 11(c)(1)(B) PROCEEDINGS (PLEA OF GUILTY)

**I.     Procedural Background**

On March 5, 2007, a grand jury returned a three-count indictment against Ricardo Pacheco-Soto (hereinafter referred to as "defendant").  Docket 9.  On October 9, 2007, defendant requested during a status conference that a change of plea hearing be held.  Docket 24.

The defendant has agreed to plead guilty as to counts one and two of the indictment.  Count one charges that on or about February 3, 2007, in the United States, in the District of Puerto Rico, and elsewhere and within the jurisdiction of this Court, defendant Ricardo Pacheco-Sotos did unlawfully, knowingly and intentionally possess with intent to distribute five (5) grams or more of cocaine base ("crack cocaine"), a Schedule II, Controlled Substance, in violation of Title 21, United States Code, Section 841 (a)(1), 841(b)(1)(A)

Count two charges that on or about February 3, 2007, in the United States, in the District of Puerto Rico, and elsewhere and within the jurisdiction of this Court, defendant Ricardo Pacheco-Soto, did knowingly and willfully possess a firearm, as that term is defined by Title 18 United States Code, Section 921(a)(3), and ammunition to wit: a black Beretta 9mm semiautomatic pistol, loaded, with an obliterated serial number, in furtherance of the commission of a drug trafficking crime punishable under the Controlled Substances Act in violation of Title 21 United States Code Section 841(a)(1), involving possession with intent to distribute controlled substances as charged in count one, as defined in Title

2

18, United States Code, Section 924(c)(2), which may be prosecuted in a Court of the United States, all in violation of Title 18 United States Code, 924(c)(1)(A)(i).

**II.     Consent to Proceed Before a Magistrate Judge**

On August 30, 2007, while assisted by attorney Antonio Bauzá-Torres, Esq., the defendant, by consent, appeared before the undersigned in order to change his previous not guilty plea to a plea of guilty as to counts one and two of the indictment.

In open court the defendant was questioned as to the purpose of the hearing being held and was advised of: (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted under oath and that it was expected that his answers would be truthful; (c) the potential consequences of lying under oath (such as a perjury charge); and (d) his right to have the change of plea proceedings presided by a district judge instead of a magistrate judge.  The defendant was also explained the differences between the appointment and functions of the two.  The defendant consented to proceed before the undersigned magistrate judge.

**III.    Proceedings Under Rule 11, Federal Rules of Criminal Procedure**

**A.     Rule 11(c)(1) Requirements**

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations.  Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'"  United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]:  1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea.  United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)). United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

In response to further questioning, defendant was explained and he understood that if convicted on count one he will face a term of imprisonment of a minimum of five (5) to a maximum of forty (40) years, a fine not to exceed two million dollars ($2,000,000.00), and a term of supervised release of at least four (4) years. If convicted on count two, defendant was explained, and he understood, that he will face a consecutive term of imprisonment of at least sixty (60) months and a maximum of life

3

imprisonment, a fine not to exceed two hundred fifty thousand dollars ($250,000.00), and a term of supervised release of up to five (5) years.[1] Defendant was also made aware that the court must impose a mandatory penalty assessment of one hundred dollars ($100) per offense pursuant Title 18, <u>United States Code</u>, Section 3013(a).

The defendant was advised that the ultimate sentence was a matter solely for the court to decide in its discretion and that, even if the maximum imprisonment term and fine were to be imposed upon him, he later could not withdraw his guilty plea for that reason alone. The defendant understood this.

The defendant acknowledged that at this stage no guarantees or promises as to the sentence to be imposed had been made to him. The defendant was also explained what the supervised release term means and was urged to cooperate with the United States Probation Office.

**B. Admonishment of Constitutional Rights**

To assure defendant's understanding and awareness of his rights, defendant was advised of his right:

1. To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving him guilt beyond a reasonable doubt.

2. To testify or not to testify at trial, and that no adverse inference could be made in relation to his decision not to testify.

3. To a speedy trial before a district judge and a jury, at which he would be entitled to see and cross examine the government witnesses, present evidence on his behalf, and challenge the government's evidence.

4. To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of admissible evidence.

5. To use the subpoena power of the court to compel the attendance of witnesses.

---

[1] Even though paragraph three of the plea agreement contains, at least in some of its portions, different maximum penalties, the defendant was informed, and he understood, that the maximum penalties that he is facing are the ones mentioned above. Furthermore, the defendant was warned, and he understood, that the court is not bound by any stipulation or recommendation contained in the plea agreement.

4

Upon listening to the defendant's responses, observing his demeanor and his speaking with his attorney, that to the best of counsel's belief defendant had fully understood his rights, it is determined that defendant is aware of his constitutional rights.

### C. Consequences of Pleading Guilty

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty. Specifically, defendant was advised that by pleading guilty and upon having his guilty plea accepted by the court, he will be giving up the above rights and will be convicted solely on his statement that he is guilty.

Furthermore, the defendant was admonished of the fact that by pleading guilty he would not be allowed later on to withdraw his plea because he eventually might disagree with the sentence imposed, and that if he violates the conditions of supervised release, that privilege could be revoked and he could be required to serve an additional term of imprisonment. He was also explained that parole has been abolished.

### D. Plea Agreement

The parties have entered into a written plea agreement that, upon being signed by the government, defense attorney and defendant, was filed and made part of the record. Defendant was clearly warned and recognized having understood that:

1. The plea agreement is not binding upon the sentencing court.

2. The plea agreement is an agreement between the defendant, defense counsel and the attorney for the government which is presented as a recommendation to the court in regards to the applicable sentencing adjustments and guidelines, which are advisory.

3. The agreement provides a sentencing recommendation and/or anticipated sentencing guideline computation, that can be either accepted or rejected by the sentencing court.

4. In spite of the plea agreement and any sentencing recommendation contained therein, the sentencing court retains full discretion to reject such plea agreement and impose any sentence up to the maximum possible penalty prescribed by statute.

5

Defendant acknowledged having understood this explanation.

### E. Government's Evidence (Basis in Fact)

The government presented a proffer of its evidence as stated in the version of facts of the plea agreement with which the defendant concurred.  Accordingly, it is determined that there is a basis in fact and evidence to establish all the elements of the offense charged.

### F. Voluntariness

The defendant accepted that no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty.  He came to the hearing for the purpose of pleading guilty and listened attentively as the prosecutor outlined the facts which would have been proven had the case proceeded to trial.

## IV. Conclusion

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, and has entered a plea of guilty as to counts one and two of the indictment.  After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that defendant Ricardo Pacheco-Soto is competent to enter this guilty plea, is aware of the nature of the offenses charged and the maximum statutory penalties that the same carry, understands that the charges are supported by the government's evidence, has admitted to every element of the offenses charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea.  Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to counts one and two of the indictment.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of Court.  Any objections to the same must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt.  Rule 72(d), Local Rules of Court; Fed. R. Civ. P.

6

72(b). Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court. <u>United States v. Valencia-Copete</u>, 792 F.2d 4 (1st Cir. 1986).

    SO RECOMMENDED.

    At San Juan, Puerto Rico, this 30th day of August, 2007.

<u>s/Marcos E. López</u>
MARCOS E. LÓPEZ
UNITED STATES MAGISTRATE JUDGE